*E-FILED - 7/11/08*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FROILEN PINEDO,<br><br>    Petitioner,<br><br> vs.<br><br>DIRECTOR, CALIFORNIA DEPARTMENT OF CORRECTIONS,<br><br>    Respondent. | No. C 06-5311 RMW (PR)<br><br>ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS |

Petitioner, Froilen Pinedo, a state prisoner proceeding pro se, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his convictions for petty theft with a prior conviction and carrying a concealed dirk or dagger on his person.  This court found that the petition stated cognizable claims and ordered respondent to show cause as to why the petition should not be granted.  Respondent filed an answer addressing the merits of the petition.  After reviewing the papers and the underlying record, the court concludes that petitioner is not entitled to habeas relief and denies the petition.

///

///

## BACKGROUND[1]

---

[1] The relevant facts are taken from the unpublished opinion of the California Court of Appeal, Sixth Appellate District, People v. Pinedo, Case No. H027196 (January 25, 2005) Ex. 3

1    On March 21, 2003 at approximately 11:00 a.m., Petitioner Froilen Pinedo entered
2  the Northside Supermarket in San Jose with a companion and walked to the beer cooler.
3  The two men grabbed bottles of beer and left the store without paying for them.  Joel
4  Velasquez, the store manager, saw Petitioner put a $1.89 40-ounce bottle of King Cobra
5  malt liquor in his pants.  The companion ran, so Velasquez followed Petitioner outside
6  and demanded that he return the beer.  Petitioner kept walking and told Velasquez to
7  leave him alone.  Velasquez kept following Petitioner across the parking lot.  Finally,
8  Petitioner stopped, opened the beer bottle and drank from it, then dropped the bottle on
9  the ground and pulled out a sharpened Phillips head screwdriver.  Velasquez grabbed it
10 out of Petitioner's hand and hit him in the face.  Velasquez returned with Petitioner to the
11 store and handcuffed him to an old safe until the police arrived.  Velasquez testified that
12 Petitioner smelled of alcohol but did not appear to be intoxicated during the incident as he
13 spoke and walked perfectly.  The arresting officer, however, stated that Petitioner
14 appeared to be intoxicated.  His eyes were red, he slurred his words, and he smelled of
15 alcohol.
16   Following Petitioner's conviction of the above-stated crimes, the probation report
17 noted that Peitioner had a criminal history of 12 felonies and 14 misdemeanors including
18 possessing and being under the influence of a controlled substance, petty theft, trespassing,
19 escape, and burglary.  Petitioner was on parole at the time of the instant offense, and
20 attempts to rehabilitate him on parole were unsuccessful "as he has a history of
21 absconding, committ[ing] petty theft, and continu[ing] to commit new law violations."
22 The report stated that during Petitioner's prior strikes in 1981 and 1985, he beat elderly
23 victims for their money or property.  The probation report listed five factors in aggravation
24 and none in mitigation.  The aggravating factors included the following:
25 (1) Petitioner has engaged in violent conduct, which indicated a serious danger to society;
26 (2) Petitioner's prior convictions as an adult or sustained petitions in juvenile delinquency
27
28 at 1-3.

Order Denying Petition for Writ of Habeas Corpus
P:\pro-se\sj.rmw\hc.06\Pinedo311den           2

proceedings are numerous or of increasing seriousness; (3) Petitioner has served a prior prison term; (4) Petitioner was on probation or parole when the crime was committed; and (5) Petitioner's prior performance on probation or parole was unsatisfactory. The probation officer recommended a sentence of 25 years to life plus six years for the prior prison terms.

In response to Petitioner's Romero[2] motion, the trial court struck one prior strike conviction on the grounds that it was remote and Petitioner had not committed a crime of violence since the two prior strikes, his mental health was poor, the sentence would be disproportionate to the crime if the prior strike was not stricken because the property taken was a bottle of beer, there was no monetary loss or injury to the victim, and defendant was grossly intoxicated. The court sentenced defendant to double the upper term of three years for the petty theft with a prior, and imposed a four-year concurrent term on the dirk or dagger. The court stayed one-year sentences for the prior prison terms. The court did not state any reasons for selecting the upper term.

On direct appeal, the state appellate court affirmed the judgment on January 25, 2005. The state supreme court denied a petition for review on March 30, 2005. Petitioner filed the instant federal habeas petition on August 29, 2006.

**DISCUSSION**

**A. Standard of Review**

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); Rose v. Hodges, 423 U.S. 19, 21 (1975). Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a district court may not grant a petition challenging a state conviction or sentence on the basis of a claim that was reviewed on the merits in state court unless the state court's adjudication of the claim: "(1) resulted in a

---

[2] People v. Superior Court (Romero), 13 Cal. 4th 497 (Cal. 1996).

Order Denying Petition for Writ of Habeas Corpus
P:\pro-se\sj.rmw\hc.06\Pinedo311den                3

decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). The first prong applies both to questions of law and to mixed questions of law and fact, Williams (Terry) v. Taylor, 529 U.S. 362, 384-86 (2000), while the second prong applies to decisions based on factual determinations, Miller-El v. Cockrell, 537 U.S. 322, 340 (2003).

"Under the 'contrary to' clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the] Court has on a set of materially indistinguishable facts." Williams (Terry), 529 U.S. at 412-13.

A state court decision is an "unreasonable application of" Supreme Court authority, falling under the second clause of § 2254(d)(1), if the state court correctly identifies the governing legal principle from the Supreme Court's decisions but "unreasonably applies that principle to the facts of the prisoner's case." Id. at 413. The federal court on habeas review may not issue the writ "simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." Id. at 411.

Where, as here, the highest state court to consider petitioner's claims issued a summary opinion which does not explain the rationale of its decision, under § 2254(d) federal review is of the last state court opinion to reach the merits. See Ylst v. Nunnemaker, 501 U.S. 797, 801-06 (1991); Bains v. Cambra, 204 F.3d 964, 970-71, 973-78 (9th Cir. 2000). In this case, the last state court opinion to address the merits of petitioner's claims was the unpublished opinion of the California Court of Appeal. See Resp. Ex. 3.

**B. Petitioner's Claims**

Under Blakely v Washington, 542 U.S. 296 (2004), Petitioner contends that the trial

court's imposition of an upper term sentence of six years deprived him of his Sixth Amendment right to a jury trial. In enhancing the sentence of petitioner, the trial court did not explicitly provide a reason for imposing the upper term. See Resp. Ex. 3 at 5. However, the state appellate court found, in the record, that petitioner admitted to two prior convictions that qualified as strikes, subjecting him to the maximum statutory penalty of 25 years to life. See Resp. Ex. 3 at 4. Moreover, the state appellate court found that the trial court likely considered the prior convictions when determining the sentence enhancement and that the failure to specifically state these reasons was harmless error. See Resp. Ex. 3 at 5.

In Apprendi v. New Jersey, 530 U.S. 466 (2000), the Supreme Court held that any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury and proved beyond a reasonable doubt. Apprendi, 530 U.S. at 490. In Blakely, the Supreme Court explained that "the statutory maximum for Apprendi purposes is the maximum sentence a judge may impose *solely* on the basis of the facts reflected in the jury verdict or admitted by the defendant." Blakely , 542 U.S. at 303 (emphasis added). In Cunningham v. California, 127 S.Ct. 856 (2007), the Supreme Court held that California's Determinate Sentencing Law violates a defendant's right to a jury trial to the extent that it permits a trial court to impose an upper term based on facts found by the court rather than by a jury. Cunningham, 127 S. Ct. at 871 (finding the Court's decisions from Apprendi to Booker point to the middle term specified in California's statutes, not the upper term, as the relevant statutory maximum). However, Appendi, Blakely, and Cunningham all contain an exception for prior convictions, permitting the trial judge to "increase the penalty beyond the prescribed statutory maximum," based on a prior conviction. Blakely, 542 U.S. at 301.

Petitioner did not raise his claim in the trial court. However, the state appellate court permitted the claim since California courts have expressly rejected the principle of forfeiture. See Resp. Ex. 3 at 3; see People v. Ackerman 124 Cal. App. 4th 184, 192 fn. 2 (Cal. 2004). The state appellate court found that Blakely applied. In doing so, however,

Order Denying Petition for Writ of Habeas Corpus
P:\pro-se\sj.rmw\hc.06\Pinedo311den         5

1  the appellate court found that the trial court could impose the upper term without a jury's
2  finding on this factor because petitioner admitted to the prior felony convictions during the
3  process of having one of the prior convictions stricken.  Id. at 4.  Moreover, the appellate
4  court held that the fact that the trial judge struck one of the prior convictions did not
5  prevent its consideration at sentencing.  Id.; see People v. Garcia, 20 Cal. 4th 490, 496
6  (Cal. 1999).

7       The court concludes that the state appellate court's decision was not an
8  unreasonable application of federal law.  In Blakely, the Supreme Court held that sentence
9  enhancement may be based solely "on the facts reflected in the jury verdict or admitted by
10 the defendant."  Blakely, 542 U.S. at 303.  In petitioner's case, the appellate court
11 determined that the trial court considered the fact that petitioner admitted a prior
12 conviction when imposing the upper term.  The imposition of the upper term based on this
13 fact is not contrary to the rule set forth in Apprendi, Blakely, and Cunningham.  The rule
14 does not apply to an aggravated sentence based on prior convictions which have been
15 admitted by the Petitioner.  Apprendi, 530 U.S. at 490.  Accordingly, the trial court's
16 imposition of the upper term sentence was not contrary to, or an unreasonable application
17 of, clearly established United States Supreme Court precedent, nor was it based upon an
18 unreasonable determination of the facts in light of the evidence presented.  28 U.S.C. §
19 2254(d)(1), (2).
20 ///
21 ///
22 ///
23 ///
24 ///
25 ///
26 ///
27
28                                   **CONCLUSION**

1  The court finds that petitioner has failed to show any violation of his federal
2  constitutional rights in the underlying state criminal proceedings.  Accordingly, the
3  petition for writ of habeas corpus is DENIED.  The clerk shall enter judgment and close
4  the file.
5   IT IS SO ORDERED.
6  DATED: 7/7/08        *Ronald M. Whyte*
             RONALD M. WHYTE
7            United States District Judge

Order Denying Petition for Writ of Habeas Corpus
P:\pro-se\sj.rmw\hc.05\Luong257den         7